1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, trustee,<br><br>                                        Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP INC., et al.,<br>                                        Defendants. | Case No.:  19-cv-0390-GPC-AHG<br><br>**ORDER MANDATING LEGAL COUNSEL** |
| DALE SUNDBY, individual and trustee,<br><br>                                        Plaintiff,<br><br>v.<br><br>JEFFREY MYERS, et al.,<br>                                        Defendants. | Case No.:  21-cv-2013-GPC-AHG<br><br>**ORDER DENYING MOTION TO DISMISS WITH LEAVE TO REFILE [ECF No. 13]** |

Pending before the Court is the question of how to proceed in Case No. 19-cv-0390 ("Case 390") upon the Ninth Circuit disposition vacating and remanding the Court's final judgment for further proceedings, ECF No. 264 (judgment); ECF No. 305 (Ninth Circuit memorandum and disposition), as well as the Defendants' motion to dismiss Plaintiff Dale Sundby's operative First Amended Complaint ("Complaint" or "FAC") in Case No.

21-cv-2013 ("Case 2013"), ECF No. *16.[1]  The parties have briefed the issue warranting the Ninth Circuit remand, *see* ECF Nos. 312, 314, 315, 318, and the Court finds that the matter is appropriate for decision without oral argument.  In response to Defendants' Motion to Dismiss in Case 2013, Sundby filed an opposition, ECF No. *14, and the Defendants filed a reply, ECF No. *15.  Pursuant to Civil Local Rule 7.1(d), the Court will also decide this matter on the moving papers without oral argument.

For the reasons that follow, the Court concludes that legal representation must be obtained on behalf of the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dated January 26, 1989 ("Trust") within 30 days of entry of this Order.  Furthermore, Defendants' Motion to Dismiss Sundby's Complaint in Case 2013 is DENIED with leave to refile.

## I.   CASE 390

The Court has detailed the Case 390 facts and proceedings in earlier orders.  *See* ECF No. 209 (summary judgment order); ECF No. 264 (judgment); ECF No. 304 (order denying Rule 60(b) motion).  Below is a summary of the most pertinent facts and proceedings.

### A.   Facts And Proceedings

#### 1.   Pre-judgment proceedings

In relevant parts, Dale Sundby and his spouse, Edith Littlefield Sundby,[2] twice applied for and received mortgage refinancing on their primary residence in La Jolla, California; once in 2016 and once in 2017.  ECF No. 209 at 4–6.[3]  There was substantial

---

[1] For clarity, citations to the docket in Case 2013 will contain an asterisk (*) and citations to the docket in Case 390 will appear without an asterisk.

[2] Because Dale Sundby, either the individual and trustee or just the individual, is the plaintiff in both cases, the Court uses "Sundby" when referring to Dale Sundby exclusive of Edith Littlefield Sundby.

[3] Pages numbers are based on CM/ECF pagination.

cross-over between the lenders for the 2016 and 2017 financing.  ECF No. 13 at 3–4.  In their capacities as Trustees to their real estate Trust—the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dates January 26, 1989—Dale and Edith Sundby executed promissory notes promising to pay the 2016 Lenders $2,600,000 and the 2017 Lenders $3,160,000, as well as corresponding Deeds of Trust.  ECF No. 209 at 4–6.  Both promissory notes contained "prepayment penalty provisions" by which the "Borrower" agreed to pay some minimum amount of interest even if the principal was paid down before it was due.  *Id.* at 5, 7.

In 2019 Sundby brought suit against both the 2016 and 2017 Lenders, alleging multiple Truth in Lending Act ("TILA") violations stemming from both loans.  ECF No. 13 at 3–4, 13–19.  On summary judgment motions from both parties, the Court concluded that (1) TILA applied to both loans, ECF No. 209 at 14–30; (2) both loans violated 15 U.S.C. §§ 1639(c)(1)(A), 1639(e), and 1639c(a)(1) (concerning prepayment penalties, balloon payments, and ability-to-pay determinations), *id.* at 31–34; and (3) Defendant Marquee Funding Group, Inc. violated 15 U.S.C. § 1639b(c)(3)(A)(i) (concerning ability-to-pay determinations) but not 15 U.S.C. § 1639c(a)(1), *id.* at 35–36.  *See* ECF No. 264 at 4 (summary of order).  In April 2021, the Court awarded Sundby about $370,000 in statutory damages for the 2016 Loan and about $320,000 for the 2017 Loan in its final judgment. *Id.* at 7–8.

### 2. Sundby's Rule 60(b) Motion for Relief from Judgment

In September 2021, Sundby moved for nearly $1,000,000 "in post-judgment TILA damages from Investor Defendants" under Rule 60(b)(2) and Rule 60(b)(6).  ECF No. 296 at 3.  His motion included a "Demand for Payoff" sent from the loan servicing company demanding nearly $1,000,000 in interest accrued from July 2018 to August 2021.  *See id.* at 3, 6.  The demand letter was dated June 2021, about two months after the final judgment was issued, *id.* at 6; ECF No. 264 at 19, and Sundby alleged the charges were thus

"unknown and unknowable to the Court or Plaintiff at final judgment." ECF No. 296 at 3. He labeled the charges "Finance Charges" and alleged they were subject to 15 U.S.C. § 1640(a)(4). *Id.* The Court denied Sundby's motion for post-judgment TILA damages because the demand letter and interest charges were not "newly discovered evidence" in the context of Rule 60(b)(2); they did not exist at the time of judgment. ECF No. 304 at 6. The Court also concluded that Sundby failed to explain the "extraordinary circumstances" that would warrant relief under Rule 60(b)(6). *Id.* at 6–7. The Court ultimately concluded that Sundby appeared to be improperly asking "the Court to re-open a previously entered judgment and augment the damages award to account for events that occurred after the case was closed." *Id.* at 7.

### 3.    Sundby's appeal and Defendant lenders' cross-appeal

Both Sundby and the Defendant Lenders appealed the Court's summary judgment order to the United States Court of Appeals for the Ninth Circuit. ECF Nos. 267 & 274. The Ninth Circuit vacated and remanded the matter "to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." *Sundby v. Marquee Funding Grp., Inc.*, Nos. 21-55504 & 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022). The Ninth Circuit emphasized that "[a] trustee may not represent a trust pro se in federal court." *Id.* In addition to "protect[ing] the integrity and functioning of the federal courts," "the rule that artificial entities must have licensed counsel" also "safeguards the interests of unrepresented trust beneficiaries" and therefore is not a rule "that the parties may waive." *Id.* The Ninth Circuit was explicit that "Sundby, in his capacity as trustee, [is not permitted] to represent a trust pro se." *Id.*

On August 25, 2021, while the appeal was pending, the property at issue was subject to a foreclosure sale and the Trust purportedly "lost all title and interest in the property." ECF No. 314 at 5, 12–13. Sundby subsequently filed a declaration with the Court stating

that (1) "[o]n December 15, 2021, all title, interest, and claims as to [the property] was transferred by quitclaim deed from [the Trust], to Dale H. Sundby and Edith Littlefield Sundby, Husband and Wife, as Community Property," *see* ECF No. 308 at 4; (2) on August 24, 2022 Dale and Edith Sundby signed an amendment to the Trust which included language indicating that either Dale or Edith Sundby would become "the sole trustee" and "sole beneficiary" of any portions of their share of interest in community property they transfer to the trust, *see id.* at 12, 13; and (3) "[o]n August 26, 2022, [Sundby] quitclaimed one-half of [his] undivided one-half interest in [the property] to the [Trust]," *see id.* at 58. *Id.* at 2.

### 4. Post-appeal

Following the Ninth Circuit's order vacating and remanding the Court's Judgment and Order, the Court ordered that the Trust obtain legal counsel, both in this case and in Case 2013, and scheduled a hearing to discuss how to proceed.  ECF No. 310; ECF No. *26.  Sundby filed an "objection" to the Court's order that legal counsel be obtained on behalf of the Trust before proceeding.  ECF No. 312; ECF No. *27.[4]  The Court joined the two cases on the narrow issue of whether the Trust must obtain counsel and invited further briefing on the matter.  ECF No. 313; ECF No. *30.

Sundby has notified the Court that he "will seek a writ of certiorari" to the United States Supreme Court.  ECF No. 316; *see also* ECF No. 317 (letter from Supreme Court Clerk providing notice of time extension to April 7, 2023 for petition to be filed).  At this time, no petition for a writ of certiorari has been filed. Unlike when a notice of appeal is filed with a United States Court of Appeal, *see Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district

---

[4] The Court interprets Sundby's objections to have been a Rule 60(b) motion for relief from an order.

1   court is divested of jurisdiction over the matters being appealed."), the United States

2   Supreme Court does not retain jurisdiction until it grants cert.  28 U.S.C. § 1254; *cf. May*

3   *v. Warner Amex Cable Commc'ns*, No. 88-3417, 1988 WL 82702, at *1 (6th Cir. Aug. 10,

4   1988) ("[T]he mere filing of a petition for a writ of mandamus or prohibition under [28

5   U.S.C.] § 1651 does not divest [the circuit court] of jurisdiction.").  The Court accordingly

6   retains jurisdiction on this issue.

7       **B.    Legal Standard**

8       District courts are bound by the doctrine of vertical stare decisis to "strictly follow

9   the decisions handed down by higher courts within the same jurisdictions."  *Stare Decisis*,

10  *Black's Law Dictionary* (11th ed. 2019); *accord Ramos v. Louisiana*, 140 S. Ct. 1390, 1416

11  n.5 (2020) (Kavanaugh, J., concurring) ("[T]he state courts and the other federal courts

12  have a constitutional obligation to follow a precedent of [the Supreme Court] unless and

13  until it is overruled by [the Supreme Court]."); *Hart v. Massanari*, 266 F.3d 1155, 1170

14  (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with

15  his learned colleagues on his own court of appeals who have ruled on a controlling legal

16  issue . . . .").

17      **C.    Discussion**

18      The crux of Sundby's position in opposition to obtaining counsel for the Trust is that

19  the first step ought to be "whether Sundby is the beneficial owner of the trust or whether

20  the trust transferred any interests to Sundby."  ECF No. 312 at 2 (emphasis removed)

21  (quoting *Sundby*, 2022 WL 4826445, at *1).  He argues that *C.E. Pope Equity Trust v.*

22  *United States*—one of the several cases the Ninth Circuit relied on in its order—is

23  inapplicable to the Trust in this case, and that "the Ninth Circuit did not 'afford the trust an

24  opportunity' to make" this argument.  *Id.*  He points to the language from the Trust's

25  August 24, 2022 amendment, *see* ECF No. 308 at 12, 13, to argue that he has a right to

26

27                                          6

28

1    self-representation "as to his sole interest in the trust."   ECF No. 312 at 3 (emphasis
2    omitted).

3        Sundby's assertions that the Ninth Circuit failed to consider certain aspects of the
4    record or that he was unable to develop all the arguments he wanted to make before the
5    Ninth Circuit are unpersuasive.   Not only was the record from this Court's proceedings
6    also before the Ninth Circuit, *see* Fed. R. App. P. 10, but the Defendants actually raised the
7    issue of Sundby's pro se representation of the Trust constituting the unauthorized practice
8    of law in their appellee brief, Response Brief of Defendants and Appellees to Plaintiff Dale
9    Sundby, Trustee's Appeal (No. 21-55504) and Principal Brief of Cross-Appellants on
10   Cross-Appeal (No. 21-55582) at 52–53, *Sundby*, 2022 WL 4826445 (2021) (No. 51), and
11   Sundby responded it to it in his answer, Plaintiff-Appellant/Cross-Appellee Appeal
12   Reply/Cross-Appeal Answering Brief at 19–21, *Sundby*, 2022 WL 4826445 (2022)
13   (No. 54).   Further, Dale and Edith Sundby shuffling around their and the Trust's respective
14   property interests after this Court's final judgment does not change the conclusion that
15   throughout the litigation Sundby was appearing on behalf of a Trust that included
16   "unrepresented trust beneficiaries," *see Sundby*, 2022 WL 4826445, at *1; *cf. Simon v.*
17   *Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008), or the fact that this Court is bound
18   by Ninth Circuit precedent, both for this case and others.[5]   *See Hart v. Massanari*, 266 F.3d
19   1155, 1170 (9th Cir. 2001).

20       Sundby argues that "it would be highly prejudicial to the trust beneficiaries" for the
21   Court to now enforce the rule that "[a] trustee may not represent a trust pro se in federal
22   court."   ECF No. 318 at 3; *Pope Equity Tr.*, 818 F.2d at 697.   In an ideal world the Court

---

[5] Sundby repeatedly notes that the Ninth Circuit opinion in this case is unpublished.  *See* ECF No. 312
at 2; ECF No. 318 at 6.  Even unpublished opinions have precedential value "when relevant under the
doctrine of law of the case or rules of claim preclusion or issue preclusion."  U.S. Ct. of App. 9th Cir.
Rule 36-3(a).

7

or opposing counsel would have flagged the issue of adequate legal representation for the Trust prior to the summary judgment stage of the proceedings.  But this is not a position that can be waived and because there are related claims pending in Case 2013, the Court is obligated to enforce the rule so as to "safeguard[] the interests of unrepresented trust beneficiaries." *Sundby*, 2022 WL 4826445, at *1.

The Ninth Circuit has vacated and remanded the proceedings back to this Court with the instruction that the Trust be given "an opportunity to obtain legal representation *and* to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." *Sundby*, 2022 WL 4826445, at *1 (emphasis added).  The Court is not at liberty to first consider new evidence to determine whether Sundby may proceed pro se on behalf of the Trust; if Sundby wishes to proceed he must obtain legal representation on behalf of the Trust.

## II.    CASE 2013

In Case 2013 Sundby is seeking to recover additional damages under 15 U.S.C. § 1640 for TILA violations relating to the 2017 Loan.  ECF No. *11 at 3–6, 113.  Sundby filed the operative First Amended Complaint in Case 2013 in January 2022.  ECF No. *11. Sundby appears pro se, both as an individual and as Trustee.  *Id.* at 1.  The 2017 Lenders from Case 390 are the defendants in Case 2013.  *See* *FAC ¶¶ 2–15; ECF No. *11 at 1, 10–11.  After describing the procedural and substantive highlights from Case 390— including extensive quoting from filings regarding his Rule 60(b) motion for post-judgment TILA damages—Sundby "incorporates the allegations set forth" earlier in the Complaint and "seeks to augment the Case 390 pre-judgment TILA damages award, as sought in the" Case 390 Rule 60(b) motion.  *FAC ¶¶ 37, 40 (emphasis removed); *see* *FAC ¶¶19–36.  Sundby attached the following documents from Case 390 to his Complaint:  the complaint, ECF No. *11 at 8, the Court's summary judgment order, *id.*at 32, the Court's judgment order, *id.* at 88, Sundby's Rule 60(b) motion, *id.* at 108, the

8

1    Defendants' response to the Rule 60(b) motion, *id. at 121, Sundby's reply, *id. at 146,

2    and the Court's order denying Sundby's Rule 60(b) motion, *id. at 255. [6]

3         Defendants move to dismiss the FAC under Rule 12(b)(1) for "lack of subject matter

4    jurisdiction" and Rule 12(b)(6) for "failure to state a claim upon which relief can be

5    granted." ECF No. *13 at 7. More specifically, they argue that (1) "Sundby is engaged in

6    the unauthorized practice of law and lacks standing as trustee in *propia persona* to

7    prosecute the FAC," ECF No. *13-1 at 10–12; (2) Sundby lacks "standing to prosecute the

8    FAC in his individual capacity," *id. at 12–14; (3) the Complaint fails to allege specific

9    factual elements sufficient to support a claim for relief, including whether Sundby ever

10   paid the additional fees, *id. at 14, 17–18; (4) the Complaint is barred by the statute of

11   limitations under 15 U.S.C. § 1640(e), *id. at 15; (5) the claim raised in the Complaint is

12   barred by claim preclusion from Case 390, *id. at 15–17; and (6) Sundby fails to allege

13   that he paid any fees and the Defendants allege no such payments were made, *id. at 17–

14   18. Because Case 2013 is inextricably linked to Case 390 and the Ninth Circuit has

15

16   ───────────────

17   [6] "Generally, a court may not consider material beyond the complaint in ruling on a" motion to dismiss.
     *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). But the " 'court may take
18   judicial notice of "matters of public record" without converting the motion to dismiss into a motion for
     summary judgment,' as long as the facts noticed are not 'subject to reasonable dispute.' " *Id.* (quoting
19   *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). Documents attached to the complaint and
     documents incorporated by reference in the complaint may also be considered. *United States v. Ritchie*,
20   342 F.3d 903, 908 (9th Cir. 2003).

21        Case 2013 Defendants ask "that the Court take judicial notice of the entire case file in Case 390 in
     support of" their motion to dismiss. ECF No. *13-1 at 10. Sundby opposes. ECF No. *14 at 2. Because
22   the documents constituting the record for Case 390 are not "subject to reasonable dispute" and "can be
     accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed.
23   R. Civ. P. 201(b); and the Complaint relies on findings and conclusions from Case 390, cites extensively
     to Case 390, and attaches nearly 250 pages from the record of Case 390; the Court hereby takes Judicial
24   Notice of the entire Case 390 record. Contrary to Sundby's concerns that this was the Defendants' "blatant
     attempt to reargue decisions made against them by the Case 390 court," ECF No. *14 at 2, judicial notice
25   merely accepts "for purposes of convenience and without requiring a party's proof, . . . a well-known and
     indisputable fact." *Judicial Notice*, *Black's Law Dictionary* (11th ed. 2019).
26

27                                                     9

28                                                                    19-cv-0390-GPC-AHG
                                                                      21-cv-2013-GPC-AHG

identified a threshold issue relevant to both cases which will impact the efficacy of both parties' arguments regarding the pending motion to dismiss, the Court DENIES the Motion to Dismiss as UNRIPE. Defendant Lenders are granted leave to refile a motion to dismiss upon the resolution of the Ninth Circuit's mandate that facts be developed to determine "whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." *Sundby v. Marquee Funding Grp., Inc.*, Nos. 21-55504 & 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022).

## III.    CONTINUED CONSOLIDATION

Finally, the Court sua sponte orders the continued consolidation of Case 390 and Case 2013 pending resolution of the threshold question presented by the Ninth Circuit. *See* ECF No. 313 (first joining cases on issue of necessity of counsel for Trust). Both complaints are brought by Sundby—either the individual or purportedly on behalf of the Trust—against nearly identical Defendant Lenders concerning financing for the same property and there are common questions of law and fact concerning whether Sundby is and was the Trust's beneficial owner, whether the Trust transferred any interests to Sundby, and how best to proceed after the Ninth Circuit's remand. The Court therefore finds that the "time and effort" saved by consolidation will outweigh "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984), *vacated on other grounds*, 753 F.2d 1081 (9th Cir. 1984).

## IV.    CONCLUSION

Sundby has been aware that he may need to obtain legal counsel for the Trust at least since October 2022. *See* ECF No. 305. If Sundby wishes to proceed in either case, a notice of appearance shall be made by an attorney on behalf of the Trust within 30 days of entry of this Order. Once an appearance has been entered, the Court will schedule a hearing and briefing schedule to address how to proceed under the Ninth Circuit's remand.

///

19-cv-0390-GPC-AHG
21-cv-2013-GPC-AHG

1    **IT IS SO ORDERED.**

2    Dated:  March 17, 2023

3                                              Hon. Gonzalo P. Curiel

4                                              United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                11

28
                                                   19-cv-0390-GPC-AHG
                                                   21-cv-2013-GPC-AHG