1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   DALE SUNDBY, Trustee,                    Case Nos.:  19-cv-0390-GPC-AHG;
                                              consolidated with 21-cv-2013-GPC-AHG
12                              Plaintiff,

13   v.                                       **ORDER OF DISMISSAL**

14   MARQUEE FUNDING GROUP, INC., et
15   al.,
                              Defendants.
16

17
     DALE SUNDBY; DALE SUNDBY,
18   Trustee,

19                              Plaintiff,

20   v.

21   JEFFREY MYERS, et al.,

22                              Defendants.

23

24   **I.    Case No. 19-cv-0390**

25          In October 2022, the Ninth Circuit Court of Appeals vacated and remanded this

26   Court's September 2020 Summary Judgment Order, ECF No. 209, and its March 2021

27                                        1
28                                              19-cv-0390-GPC-AHG; consolidated with 21-cv-2013-GPC-AHG

Judgment and Order, ECF No. 264, and held that Plaintiff Dale "Sundby, in his capacity as trustee" for the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dated January 26, 1989 ("Trust"), could not represent the trust pro se. *Sundby v. Marquee Funding Grp., Inc.*, Nos. 21-55504 & 55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022). The Ninth Circuit gave explicit instructions that it was remanding the case back to this Court "to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." *Id.* Over the ensuing months, the Court repeatedly ordered that before matters could proceed, legal counsel must be retained on behalf of the Trust. *See, e.g.*, ECF No. 310, 324, 329, 356, 364. The Court's most recent order instructed that if an attorney did not "enter a notice of appearance on behalf of the Trust on or before July 20, 2023," the case would be dismissed. ECF No. 364 at 4 (emphasis removed). It is now July 21 and no entry of appearance has been made.

For this reason, the Court hereby DISMISSES Case No. 19-cv-390 with prejudice as to Dale Sundby, Trustee.[1] *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (affirming district court's dismissal without prejudice of complaint filed pro se by non-attorney trustee on behalf of trust). As a separate and independent reason, the Court would also order the dismissal of Case No. 19-cv-390 for failure to comply with the Court's orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 49 (1991) ("[A]

---

[1] Because the Trust has never had legal representation to properly prosecute this case, it would be improper for the Court to dismiss the matters with prejudice as to the Trust in its entirety. *See Johns v. County of San Diego*, 114 F.3d 874, 877–78 (9th Cir. 1997) (affirming dismissal of complaint filed pro se by non-lawyer parent on behalf child with instruction that dismissal should be without prejudice).

2

1  federal district court has the inherent power to dismiss a case *sua sponte*" under Rule
2  41(b).).

3  **II.    Case No. 21-cv-2013**

4  In December 2021, while the appeal of Case No. 19-cv-390 was pending, Sundby
5  initiated the proceedings in Case No. 21-cv-2013.  In the operative First Amended
6  Complaint ("Complaint" or "FAC"), Sundby appears pro se, both as an individual and as
7  trustee. ECF No. *11.[2]  For the same reasons as discussed above in *supra* Section I, Sundby
8  cannot appear pro se on behalf of the Trust and Dale Sundby, Trustee is hereby
9  DISMISSED from Case No. 21-cv-2013 with prejudice.  Because the only cause of action
10 in the Complaint is inextricably linked with the proceedings from the now-dismissed Case
11 No. 19-cv-390, including the Court's previously-vacated September 2020 Summary
12 Judgment Order and March 2021 Judgment, *see* FAC *¶¶ 24–40 (seeking to "augment the
13 Case [19-cv-]390 pre-judgment TILA damages award" from the March 2021 Judgment
14 (emphasis removed)), the case in its entirety is hereby DISMISSED AS MOOT.[3]

15 In the alternative, the Court would dismiss the case for lack of standing.  A plaintiff
16 must have standing at the time the action commences.  *Friends of the Earth, Inc. v. Laidlaw*
17 *Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000).  "The trustee of a trust, not the
18 beneficiary, has legal title to the assets of a trust and is therefore the real party in interest—
19 not the beneficiary—and may sue in the name of the trust."  *Rand v. Midland Nat'l Life*
20
21

———————————————

22 [2] Citations to the docket for Case No. 21-cv-2013 are denoted with an asterisk (*) for clarity
23 and efficiency.

24 [3] *See Moot*, Black's Law Dictionary (11th ed. 2019) ("A matter in which a controversy no
25 longer exists; a case that presents only an abstract question that does not arise from existing
   facts or rights.")

26
27
28

*Ins.*, No. CV 19-3104, 2019 WL 7194554, at \*4 (C.D. Cal. Dec. 26, 2019) (quoting *Morris v. Choicepoint Servs., Inc.*, No. C-06-1224 SC, 2006 WL 2479122, at \*3 (N.D. Cal. Aug. 28, 2006)).

The Complaint is plainly couched in terms of alleged harms Sundby suffered by virtue of his position as a trustee, not as an individual. *See, e.g.*, ECF No. \*11 at 4–5, 108 (discussing Sundby's Rule 60(b) motion in Case 390 in which "Plaintiff" refers to Sundby in role as trustee), 113 (letter demanding "payoff" addressed to "Dale H. Sundby, Trustee"). Furthermore, Sundby alleged in both the Case No. 19-cv-390 proceedings and in his original complaint for Case No. 21-cv-2013 that the Trust, not Sundby the individual, owned the property at issue in support of Sundby as trustee having the authority to raise the claims against the Defendants for TILA damages. *See* ECF No. \*11 at 5; ECF No. \*1 at 3; *see Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) ("When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2nd Cir. 1929))). Regardless of any subsequent modifications Dale and Edith Sundby made to the Trust terms and property ownership, Dale Sundby the individual was required to have had standing at the time the case was filed. *See Friends of the Earth*, 528 U.S. at 191. Furthermore, if plaintiffs could appear pro se in their individual capacity to prosecute claims on behalf of a trust, that would effectively circumvent the rule against trustees representing a trust pro se. *Cf. Pope Equity Tr.*, 818 F.2d at 697.

Given the issues of mootness, lack of standing, and Sundby's refusal to retain counsel so that he may appear on behalf of the Trust, there is no way to cure the deficiencies

present for Case No. 21-cv-2013 such that leave to amend would be futile and is hereby DENIED. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  Conclusion

For the reasons explained above, Case No. 19-cv-390 is hereby DISMISSED with prejudice as to Dale Sundby, trustee and Case No. 21-cv-2013 is hereby DISMISSED with prejudice as to Dale Sundby, trustee and Dale Sundby, the individual.

**IT IS SO ORDERED.**

Dated:  July 21, 2023

Hon. Gonzalo P. Curiel
United States District Judge